## In re VERMONT STOVE COMPANY, INC., Debtor.

**Bankruptcy No. 85–119.**

United States Bankruptcy Court, D. Vermont.

Jan. 12, 1987.

G. Ferstle, Toledo, Ohio, for Kermit F. Price.

D. Wolinsky, Saxer, Anderson & Wolinsky, Burlington, Vt., for debtor.

## ORDER DENYING CONFIRMATION OF PLAN

FRANCIS G. CONRAD, Bankruptcy Judge.

The debtor's amended Plan of Reorganization came on for a confirmation hearing on November 25, 1986. One creditor objected to the Plan. Unfortunately for the debtor, this one objection prevents us from confirming the Plan.

The debtor is a Vermont corporation whose principal business was designing and marketing fireplace inserts. The debtor did not itself manufacture the inserts, but after receiving an order from a customer, purchased the inserts from someone else and resold them to the customer. This procedure usually involved receiving a small deposit from the consumer.

The debtor filed a voluntary Chapter 11 petition on June 13, 1985. After unsuccessful efforts to rehabilitate itself as a going concern, it filed a Disclosure Statement, with supplemental disclosure, which we approved on October 14, 1986. Our approval directed the debtor to submit its liquidating Plan of Reorganization for balloting.

At the confirmation hearing, the debtor established that the Plan was overwhelmingly accepted by all creditors required to ballot. An objection to the Plan, however, was filed by Kermit F. Price, from whom the debtor had received a deposit of $400.00 for a fireplace insert. Price did not ballot on the Plan. Price states in his memorandum in support of the objection to confirmation that he is an 11 U.S.C. § 507(a)(6) claimant;[1] that the debtor's Plan fails to include a separate priority classification of § 507(a)(6) claims; that the debtor's Plan provides only for allowed claims entitled to priority under 11 U.S.C. § 507(a)(3) and (7);[2] and that § 507(a)(6) claims may not be classified with other unsecured claims because they are not substantially similar.

Specifically addressing Price's arguments, the debtor's attorney asked that we interpret the overwhelmingly favorable vote of the unsecured Class 3 creditors, which class includes Price, as an agreement to the different treatment that the Code allows under 11 USC § 1129(a)(9)(B).[3] Under this interpretation, the debtor believes the Plan conforms to the statutory requirements of 11 USC § 1129(a) and may be confirmed.

There is no factual dispute over Price's claim. The debtor is a retailer and Price is

1. 11 USC § 507(a)(6) provides: "The following expenses and claims have priority in the following order: ... (6) Sixth, allowed unsecured claims of individuals, to the extent of $900 for each such individual, arising from the deposit, before the commencement of the case, of money in connection with the purchase, lease, or rental of property, or the purchase of services, for the personal, family, or household use of such individuals, that were not delivered or provided."

2. 11 USC § 507(a)(3) and (7) in part provides: "The following expenses and claims have priority in the following order: (3) Third, allowed unsecured claims for wages, salaries, or commissions, including vacation, severance, and sick leave pay— ... (7) Seventh, allowed unsecured claims of governmental units ..."

3. 11 USC § 1129(a)(9)(B)(i) and (ii) provides: "The court shall confirm a plan *only* if all the following requirements are met: ... (9) Except

to the extent that *the holder* of a particular claim has agreed to a different treatment of such claim, the plan provides that— ... (B) with respect to a class of claims of a kind specified in § 507(a)(3), 507(a)(4), or 507(a)(5) of this title, each holder of a claim of such class will receive—(i) if such class has accepted the plan, deferred cash payments of a value, as of the effective date of the plan, equal to the allowed amount of such claim; or (ii) if such class has not accepted the plan, cash on the effective date of the plan equal to the allowed amount of such claim." (The 1984 Bankruptcy Amendments and Federal Judgeship Act of 1984, P.L. No. 98–353, effective July 10, 1984, added subsection (a)(5) to § 507, and redesignated subsections (a)(5) and (a)(6) as (a)(6) and (a)(7) but did not amend this cross-section to § 507(a)(5) to reflect its redesignation as § 507(a)(6). The Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986, P.L. No. 99–554, corrected the oversight.)

a consumer. He is listed in the debtor's bankruptcy petition on Schedule A, "Statement of All Liabilities of Debtor ... (c) deposits by individuals" as a noncontingent, undisputed, and liquidated claim of $400.00. The debtor does not dispute the amount of the claim, nor that Price is a § 507(a)(6) claimant. With no factual questions in this proceeding, the legal issue we must decide is whether a Chapter 11 liquidation Plan of Reorganization may be confirmed without specifically providing for the rights of § 507(a)(6) claimants.

Because the presumption in a bankruptcy case is that the debtor's limited resources will be equally distributed among his creditors, statutory priorities are narrowly construed. *Joint Industry Board v. United States*, 391 U.S. 224, 228, 88 S.Ct. 1491, 1493, 20 L.Ed.2d 546 (1968); *Trustees of the Amalgamated Insurance Fund v. McFarlin's, Inc.*, 789 F.2d 98, 100 (2nd Cir.1986). See *In re Pulaski Highway Express, Inc.*, 14 C.B.C.2d 417, Bkrtcy.L. Rptr., paragraph 71156, 57 B.R. 502 (Bkrtcy.M.D.Tn.1986), (priority statutes are strictly construed.)

Section 507(a)(6) is a new priority for consumer creditors. It was added for the first time in the 1978 Bankruptcy Code as a result of testimony before the Subcommittee on Civil and Constitutional Rights concerning the problems that consumers have encountered with bankrupt retail businesses with whom the consumers have deposited money for goods and services. See Hearings on HR 31 and HR 32, pt. 3, at 1699–1723–36, 94 Cong., 2nd Sess. Section 507(a)(6) gives a priority in the distribution of a bankrupt debtor's assets to consumers who have deposited or made partial payments for the purchase or lease of goods that were not otherwise delivered or provided. There was no similar provision in the former Bankruptcy Act. The section was added in order to remedy the problem of consumers' ignorance about their unsecured status and because many consumers were left "holding the bag" when a merchant filed for protection under the bankruptcy laws. See House Report No. 95–595, 95th Cong., 1st Sess., pg. 188 (1977),

U.S.Code Cong. & Admin.News 1978, pp. 5787, 6148.

It is axiomatic that words used in a statute are to be given their ordinary meaning in the absence of persuasive reasons to the contrary. *Burns v. Alcala*, 420 U.S. 575, 95 S.Ct. 1180, 43 L.Ed.2d 469 (1975). As we have had the occasion to observe:

The maxim of statutory construction, *expressio unius est exclusio alterius*, teaches us that the expression or the inclusion of one thing is the exclusion of another. *Ford v. United States*, 273 US 593, 71 L.Ed. 793, 42 S.Ct. 531 (1921). This maxim also applies to enumerated exceptions. Where there is an express exception, it comprises the only limitation of the statute and no other exception will be implied. *Andrus v. Glover Construction Co.*, 446 US 608, 64 L.Ed.2d 548, 100 S.Ct. 1905 (1980).

*In re Burke Mountain Recreation, Inc. (Burke Mountain Recreation, Inc. v. Vermont Development Credit Corporation)*, 64 B.R. 799, 802 (Bkrtcy.D.Vt.1986) (on appeal). 11 U.S.C. § 1129(a)(9)(B) is a limiting statute. Only a holder of a claim of the kind specified in § 1129(a)(9)(A) and (B) may agree to a different treatment of the claim. 11 U.S.C. § 1129(a)(9). The statute does not compel the holder of the enumerated priority claim to accept a different treatment. If the holder of a § 507(a)(6) claim does not agree to a different treatment of its claim, then § 1129(a)(9)(B) clearly indicates that a class of claims must be specified within the Plan that provides for deferred cash payments of a value equal to the allowed amount of such claims on the effective date of the Plan if such class accepts, or cash on the effective date of the Plan equal to the allowed amount of such claim if the class rejects the Plan. Nor does an affirmative vote on the Plan by a priority claimant under § 507(a)(6), in itself, constitute an agreement to different treatment.

With the exception of 11 USC § 1129(a)(9)(B), the debtor's Plan complies in all respects with the necessary statutory

requirements of 11 USC § 1129(a). Unless denying confirmation would be unjust or inequitable, we cannot confirm a Plan that deviates from the plain language of § 1129(a)(9)(B). This is not to say, as Price argued, that it is impermissible to place a § 507(a)(6) claim within a class of other unsecured claimants. We do not hold today that this is prohibited in all circumstances. Our holding merely requires that if a § 507(a)(6) claim exists, then the Plan must provide for either deferred cash payments of a value equal to the allowed amounts of such holder's claim as of the effective date of the Plan if such class of claims accepts; or if the class rejects, cash to the holder of such claim on the effective date of the Plan. The debtor's Plan does not provide for either choice. Accordingly,

It is ORDERED that the debtor's Plan of Reorganization be and hereby is DENIED confirmation.